*FILED*

*2017 NOV -3 AM 10: 44*

*CLERK, US DISTRICT COURT*
*MIDDLE DISTRICT OF FLORIDA*
*JACKSONVILLE DISTRICT*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VANIA SANTEIRO,

    Plaintiff,

vs.                           Case Number: 3:17-cv-1233-J-25PDB

WACKO'S TOO, INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    COMES NOW, the Plaintiff, VANIA SANTEIRO (hereinafter "Ms. Santeiro"), by and through undersigned counsel, sues Defendant, WACKO'S TOO, Inc., d/b/a WACKO'S LIQUOR DEPOT d/b/a WACKO'S (hereinafter "Wacko's") and alleges:

### INTRODUCTION

1. This is a case about the exploitation of one of the most vulnerable groups of employees: young women working as dancers in adult entertainment establishments.

2. Wacko's, have and continue to unjustly and illegally enrich themselves at dancers' expense, denying Ms. Santeiro her earned minimum wages, overtime pay, and the full retention of their tips, charging Ms. Santeiro fees to work, and subjecting her to fines.

3. Wacko's actions in denying Ms. Santeiro a minimum wage, overtime pay, and the full retention of her earned tips, and requiring her to pay various fees and fines in order to work, have significantly decreased the incomes of Ms. Santeiro and other similarly situated vulnerable workers while unjustly and illegally enriching Wacko's.

## JURISDICTION

4. Ms. Santeiro brings this action for unpaid wages, reimbursement of kickback fees, liquidated damages, attorney fees and costs, interest, and other relief pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, the Florida Minimum Wage Act, Fla. Stat. § 448.110, the Americans with Disabilities Act, 42 U.S.C. § 12101, Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, and the Age Discrimination in Employment Act, 29 U.S.C. § 621.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over any and all state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

7. Venue lies in the Middle District of Florida pursuant to above-mentioned statutes because the Ms. Santeiro resides and Wacko's principal place of business is in this District, and the acts or omissions alleged occurred in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Ms. Santeiro's claim occurred within this District.

## THE PARTIES

8. At all times material hereto Ms. Santeiro was a resident of Duval County, Florida.

9. At all times material hereto Wacko's was a Florida for profit corporation with a principal address at 3701 Emerson Street, Jacksonville, FL 32207 and conducts business in interstate commerce.

10. Wacko's employed and subsequently terminated Ms. Santeiro. The last location of that employment was at 3701 Emerson Street, Jacksonville, FL 32207.

11. Wacko's employed Ms. Santeiro as a Dancer.

## FACTS

12. Ms. Santeiro was diagnosed with a disability in 2004.

13. Ms. Santeiro's disability is a panic disorder.

14. Ms. Santeiro began employment with Wacko's as a Dancer on April 1, 2013.

15. Wacko's scheduled Ms. Santeiro to work at specific days and for specific times.

16. Ms. Santeiro was required to pay a fine for tardiness or missing shifts.

17. Wacko's had full control over labor provided by Ms. Santeiro.

18. Wacko's required Ms. Santeiro to purchase clothing from a Wacko's owned affiliate, clothing that meets Wacko's requirements.

19. Wacko's required Ms. Santeiro to wear the approved clothing at all times during her shift.

20. Wacko's required Ms. Santeiro's makeup to meet Wacko's approval.

21. During employment at Wacko's, Ms. Santerio acted at the direction of the owner, Mr. Milton Howard, a/k/a Milt, a/k/a Howard Milton ("Milton") and a Partner with Milton, Mr. Harvey Shuman ("Shuman").

22. On December 4, 2016, Ms. Santeiro was injured while working for Wacko's.

23. Upon informing Shuman on December 13, 2016 of the injury, Shuman immediately required a doctor's note to return to work.

24. Ms. Santeiro provided the requested note on January 4, 2017.

25. Shuman then informed her she was a "liability" and could only return to work upon signing a waiver of liability.

26. Shauman did not permit Ms. Santeiro time to consult an attorney on the agreement or retain a copy of the agreement.

27. The agreement expressly stated that an attorney could be consulted.

28. On January 7, 2017, Milton informed Ms. Santeiro that she was being terminated because she (1) "[is] a liability for the company because of [her] disability," and (2) for failure to sign the release of liability.

29. Ms. Santeiro suffers a disability which is covered under the Americans with Disabilities Act.

30. From April 1, 2013 to January 7, 2017 Ms. Santeiro worked more than 40 hours a week.

31. During the course of her employment with Wacko's, Ms. Santeiro was not compensated any money whatsoever by Wacko's.

32. Ms. Santeiro was required to pay Wacko's approximately $80.00 to $120.00 per shift.

33. The breakdown is as follows: (1) $20 directly to Wacko's, (2) $10 to $20 to the DJ, (3) $10 to $20 to the bouncer, payments to a House Mom, etc.

34. Wacko's charged additional fees for "private dances" and "campaign rooms," as well as other fees.

35. The payments Wacko's mandated Ms. Santeiro to pay were to employees that did not provide customer service.

36. Wacko's used these mandatory payments to offset ordinary business expenses.

37. Ms. Santeiro was forced to pay the aforementioned fees irrespective of the amount of money she earned on a given shift as a condition for employment.

38. Ms. Santeiro must pay all fees and complete her shift before she is permitted to leave Wacko's.

39. These payments are illegal "kickbacks" within the meaning of the FLSA.

40. Ms. Santeiro did not receive regular breaks during her shifts.

41. Wacko's required Ms. Santeiro to pay for Wacko's bottled water and all other refreshments or food.

42. Ms. Santeiro was not permitted to supply her own refreshments or food.

43. Ms. Santeiro has not agreed to be treated as an independent contractor and has been treated as an employee in all respects except for compensation.

44. Ms. Santeiro has an implied contract for employment.

45. Milton agreed to hire Ms. Santeiro and she accepted.

46. Ms. Santeiro maintained the ability to earn a living.

47. The employment relationship tenure shows a mutuality of intent.

48. At the direction of Wacko's, Ms. Santeiro has been directed to perform acts of a sexual nature in private dance rooms.

49. Wacko's related to Ms. Santeiro in a manner of sexual suggestion and pressure.

50. Ms. Santeiro was forced to endure the aforementioned offensive conduct as a condition of continued employment and offer of increased compensation.

51. Ms. Santeiro was filmed against her consent at Wacko's.

52. The filming took place everywhere in Wacko's, including the changing room and bathroom.

53. Ms. Santeiro requested to be put on light duty as a reasonable accommodation.

54. Wacko's categorically denied to Ms. Santeiro any accommodation.

55. Ms. Santeiro is over 40 years of age.

56. Ms. Santeiro was forced to divulge her age on her time sheet each shift as a condition of employment.

57. Wacko's used Ms. Santeiro's age to make decisions which detrimentally affected her compensation and privileges throughout her employment.

58. Wacko's deliberately instructed Ms. Santeiro to engage in sexual conduct.

59. The actions of Wacko's lead to severe emotional distress for Ms. Santeiro.

60. Wacko's was aware of the consequences their actions had on Ms. Santeiro.

61. Wacko's retaliated against Ms. Santeiro by terminating her, leading to lack of employment.

62. Wacko's performed the above actions directly through Milton, Shuman, or through Wacko's employees with managerial authority, including the ability to hire or fire emoloyees.

63. Ms. Santeiro has exhausted all administrative remedies.

64. Ms. Santerio has performed all conditions prior to bringing this action or those conditions have otherwise been waived.

65. Ms. Santeiro has obtained counsel to bring this action and has been required to pay a reasonable fee.

## COUNT I- FAIR LABOR STANDARDS ACT MINIMUM WAGE VIOLATIONS

66. Ms. Santeiro repeats and re-alleges paragraphs 8 through 65 as if fully set forth herein.

67. At all relevant times, Wacko's has had gross revenues in excess of $500,000.

68. At all relevant times, Wacko's has been and continues to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

69. At all relevant times, Wacko's employed or previously employed Ms. Santerio.

70. Pursuant to Wacko's compensation policies, rather than pay Ms. Santerio the federally-mandated minimum wage, Wacko's improperly classified Ms. Santerio as an independent contractor.

71. As a result of Wacko's willful practices, Wacko's was not entitled to pay Ms. Santerio less than the mandated minimum wage for all hours worked.

72. Wacko's has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201 et seq.

73. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

74. Due to Wacko's FLSA violations, Ms. Santerio is entitled to recover from Wacko's, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT II- FAIR LABOR STANDARDS ACT OVERTIME WAGE VIOLATIONS**

75. Ms. Santeiro repeats and re-alleges paragraphs 8 through 65 as if fully set forth herein.

76. At all relevant times, Wacko's has had gross revenues in excess of $500,000.

77. At all relevant times, Wacko's has been and continues to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

78. At all relevant times, Wacko's has employed, or previously employed, Ms. Santerio within the meaning of the FLSA.

79. At all relevant times, Wacko's has had a willful policy and practice of refusing to pay premium overtime compensation for all hours worked in excess of 40 hours per workweek due to Ms. Santerio's improper classification of Dancers, including Ms. Santeiro, as independent contractors.

80. Wacko's has violated and, continue to violates, the FLSA, 29 U.S.C. §§ 201 et seq.

81. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

82. Due to Wacko's FLSA violations, Ms. Santeiro is entitled to recover from Wacko's, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III- UNJUST ENRICHMENT

83. Ms. Santeiro repeats and re-alleges paragraphs 8 through 65 as if fully set forth herein.

84. Wacko's refusal to pay Ms. Santeiro wages for hours worked, including overtime pay, requiring Ms. Santeiro to share her tips, and charging Ms. Santeiro fees to work, Wacko's was unjustly enriched at the expense of and to the detriment of Ms. Santeiro.

85. Wacko's retention of any benefit collected directly and indirectly violated principles of justice, equity, and good conscience when they refused to pay Ms. Santeiro wages, required Ms. Santeiro to share tips, and charged Ms. Santeiro unreasonable fees.

86. As a result, Wacko's has been unjustly enriched.

87. Ms. Santeiro is entitled to recover from Wacko's all amounts that Wacko's has wrongfully and improperly obtained, and Wacko's should be required to disgorge to Ms. Santeiro the benefit they have unjustly obtained.

## COUNT IV- AMERICANS WITH DISABILITIES ACT DISCRIMINATION

88. Ms. Santeiro repeats and re-alleges paragraphs 8 through 65 as if fully set forth herein.

89. Ms. Santeiro had a disability, had an evident escalation of disability, and was perceived by Wacko's as having a disability.

90. Ms. Santeiro's disability is a mental impairment that substantially limits Ms. Santeiro's major life activities.

91. Ms. Santeiro was qualified for the position and able to perform its essential functions.

92. Wacko's terminated Ms. Santeiro based on her disability.

### COUNT V- AMERICANS WITH DISABILITIES ACT HARASSMENT

93. Ms. Santeiro repeats and re-alleges paragraphs 8 through 65 as if fully set forth herein.

94. Wacko's created a hostile work environment and harassed Ms. Santeiro.

95. Wacko's harassed Ms. Santeiro because she was disabled.

96. Wacko's took no steps to stop the harassment of Ms. Santeiro.

97. Wacko's supervisors, as an employee empowered by the employer to take tangible employment actions against Ms. Santeiro, is strictly liable for the tangible employment action.

98. Tangible employment actions include a significant change in benefits, unfavorable compensation decisions, and termination.

99. Wacko's treatment of Ms. Santeiro was severe or pervasive enough to change the conditions of employment and create an abusive environment, judged by both an objective standard and a subjective standard.

100. Ms. Santeiro took advantage of all preventative or corrective opportunities as provided by Wacko's and did everything possible to avoid the harm.

101. Ms. Santeiro was damaged but for the Defendants disability harassment.

### COUNT VI- FAILURE TO PROVIDE A REASONABLE ACCOMODATION

102. Ms. Santeiro repeats and re-alleges paragraphs 8 through 65 as if fully set forth herein.

103. Ms. Santeiro has a disability as defined by the ADA.

104. Ms. Santeiro informed Wacko's of the condition and requested an accommodation.

105. There was an accommodation available that would have been effective and would not have posed an undue hardship to the employer.

106. Wacko's failed to provide an accommodation.

107. Ms. Santeiro was damaged by Wacko's failure to provide a reasonable accommodation.

## COUNT VII- AGE DISCRIMINATION IN EMPLOYMENT ACT DISCRIMINATION

108. Ms. Santeiro repeats and re-alleges paragraphs 8 through 65 as if fully set forth herein.

109. Ms. Santeiro is over 40 years of age and was forced to disclose that material fact to Wacko's each shift.

110. Wacko's used that information to determine where she would be placed to perform her work functions.

111. Ms. Santeiro was penalized at Wacko's through location and time of her shift on stage.

112. Ms. Santeiro was damaged because of Wacko's knowledge and use of her age.

## COUNT VIII- AGE DISCRIMINATION IN EMPLOYMENT ACT HARASSMENT

113. Ms. Santeiro repeats and re-alleges paragraphs 8 through 65 as if fully set forth herein.

114. Wacko's created a hostile work environment and harassed Ms. Santeiro.

115. Wacko's harassed Ms. Santeiro because she was over 40.

116. Wacko's took no steps to stop the harassment of Ms. Santeiro.

117. Wacko's supervisors, as an employee empowered by the employer to take tangible employment actions against the Ms. Santeiro, is strictly liable for the tangible employment action.

118. Tangible employment actions include a significant change in unfavorable compensation decisions, and termination.

119. Wacko's treatment of Ms. Santeiro was severe or pervasive enough to change the conditions of employment and create an abusive environment, judged by both an objective standard and a subjective standard.

120. Ms. Santeiro took advantage of all preventative or corrective opportunities as provided by the Wacko's and did everything possible to avoid the harm.

121. Ms. Santeiro was damaged as a result of Wacko's employment harassment.

**COUNT IX- SEX DISCRIMINATION IN EMPLOYMENT ACT DISCRIMINATION**

122. Ms. Santeiro repeats and re-alleges paragraphs 8 through 65 as if fully set forth herein.

123. Ms. Santeiro being is a female employee of Wacko's and as with other female employees, Wacko's treated Ms. Santeiro different than male employees.

124. Wacko's used Ms. Santeiro's gender to require Ms. Santeiro to engage in private dances which, as a condition for continued employment, included sexual acts.

125. Wacko's failed to provide Ms. Santeiro and other female employees compensation as well as require Ms. Santeiro to pay kickback fees.

126. Ms. Santeiro was penalized at Wacko's with threat of termination for failure to comply.

127. Ms. Santeiro was terminated from Wacko's.

**COUNT X- SEX DISCRIMINATION IN EMPLOYMENT ACT HARASSMENT**

128. Ms. Santeiro repeats and re-alleges paragraphs 8 through 65 as if fully set forth herein.

129. Wacko's created a hostile work environment and harassed Ms. Santeiro.

130. Wacko's harassed Ms. Santeiro because she was female and because of her female features, including Ms. Santeiro's breast augmentation.

131. Wacko's took no steps to stop the harassment of Ms. Santeiro.

132. Wacko's supervisors, as an employee empowered by the employer to take tangible employment actions against the Ms. Santeiro, is strictly liable for the tangible employment action.

133. Tangible employment actions include a significant change in unfavorable compensation decisions, and termination.

134. Wacko's treatment of Ms. Santeiro was severe or pervasive enough to change the conditions of employment and create an abusive environment, judged by both an objective standard and a subjective standard.

135. Ms. Santeiro took advantage of all preventative or corrective opportunities as provided by the Wacko's and did everything possible to avoid the harm.

136. Ms. Santeiro was damaged for the Wacko's employment harassment.

### COUNT XI- HOSTILE WORK ENVIRONMENT HARASSMENT

137. Ms. Santeiro repeats and re-alleges paragraphs 8 through 65 as if fully set forth herein.

138. Wacko's created a hostile work environment and harassed Ms. Santeiro.

139. Wacko's openly and repeatedly demonstrated nepotism against Ms. Santeiro.

140. The harassment was unwelcome.

141. The harassment occurred because Ms. Santeiro is in a protected class.

142. Wacko's knew or had reason to know of the hostile work environment and harassment of Ms. Santeiro.

143. Wacko's took no steps to stop the harassment of Ms. Santeiro.

144. Wacko's supervisors, as an employee empowered by the employer to take tangible employment actions against the Ms. Santeiro, is strictly liable for the tangible employment action.

145. Tangible employment action includes a significant change in benefits, unfavorable compensation decisions, and termination.

146. Wacko's treatment of Ms. Santeiro was severe or pervasive enough to change the conditions of employment and create an abusive environment, judged by both an objective standard and a subjective standard.

147. Ms. Santeiro took advantage of all preventative or corrective opportunities as provided by the Wacko's and did everything possible to avoid the harm.

148. Ms. Santeiro was damaged but for Wacko's hostile work environment.

### COUNT XII- RETALIATION

149. Ms. Santeiro repeats and re-alleges paragraphs 8 through 65 as if fully set forth herein.

150. Ms. Santeiro engaged in protected activity of reporting harassment.

151. Ms. Santeiro engaged in protected activity by requesting a reasonable accommodation.

152. Wacko's subsequently took a materially adverse employment action against Ms. Santeiro.

153. Materially adverse employment action includes a significant change in unfavorable compensation decisions and termination.

154. The adverse action taken by Wacko's was causally connected to Ms. Santeiro's protected activity through indirect evidence and circumstantial evidence.

155. Ms. Santeiro has exhausted administrative remedies.

156. Managerial employees used their authority as supervisors to retaliate against Ms. Santeiro.

### COUNT XIII- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

157. Ms. Santeiro repeats and re-alleges paragraphs 8 through 65 as if fully set forth herein.

158. Wacko's intentionally caused Ms. Santeiro emotional distress because Wacko's knew the reaction the disparaging treatment had on Ms. Santeiro, yet Wacko's continued to exhibit the activity.

159. Wacko's conduct included forcing Ms. Santeiro to engage in prostitution, as a condition for continued employment.

160. Wacko's act caused Ms. Lawson severe emotional distress.

161. The emotional distress was severe enough that Ms. Santeiro missed work and eventually was terminated because Wacko's failed to make any reasonable accommodation.

162. Ms. Santeiro suffered severe emotional distress as a result of the Wacko's conduct.

## COUNT XIV- VIDEO VOYEURISM

163. Ms. Santeiro repeats and re-alleges paragraphs 8 through 65 as if fully set forth herein.

164. Wacko's intentionally installed and used a security camera to secretly view, broadcast, or record Ms. Santerio and other Dancers, without their knowledge and consent.

165. These cameras were installed where Ms. Santerio dressed, undressed, privately exposed her body, and used the restroom at a place and time when that Ms. Santerio had a reasonable expectation of privacy.

166. Wacko's installation of the cameras were for the amusement, entertainment, sexual arousal, gratification, of Wacko's or another or for profit of Wacko's or another.

167. Upon reasonable belief, Wacko's intentionally disseminated, distributed, or transferred the images of Ms. Santerio to others for the purpose of amusement, entertainment, sexual arousal, gratification, or profit, or for the purpose of degrading or abusing another person.

168. Upon reasonable belief, images of Ms. Santerio were sold for consideration to another person or disseminated, distributed, or transferred to another person for that person to sell the image to others.

169. Ms. Santerio has been damaged by Wacko's invasion of privacy, video voyeurism, and the distribution of those images.

## COUNT XV- COERSCION INTO PROSTITUTION

170. Ms. Santeiro repeats and re-alleges paragraphs 8 through 65 as if fully set forth herein.

171. Ms. Santeiro has a cause of action for compensatory and punitive damages against Wacko's.

172. Wacko's managers coerced Ms. Santeiro into prostitution.

173. Wacko's because they used the coercion to collect Ms. Santeiro's earnings derived from prostitution.

174. Ms. Santeiro was promised greater financial rewards for engaging in the conduct.

175. Ms. Santeiro has been damaged by Wacko's coercion into prostitution.

## JURY TRIAL DEMANDED

176. Ms. Santeiro demands a jury trial on all issues triable by jury.

WHEREFORE, Ms. Santeiro demands judgment against Wacko's for compensatory damages in an amount to be determined at trial, costs, interest, and attorneys' fees as allowed by law; and all other relief, as the Court deems just and equitable, including as follows:

A. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

B. An award of unpaid minimum wages to Ms. Santeiro;

C. An award of unpaid overtime wages to Ms. Santeiro;

D. Restitution of wages and gratuities improperly retained by Wacko's;

E. An award of liquidated damages to Ms. Santerio;

F. An award for damages for discrimination;

G. An award for damages for harassment;

H. An award for damages for medical costs;

I. An award for damages consistent with civil recovery for criminal acts under Florida law;

J. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Ms. Santerio; and

K. Such other and further relief as this Court deems just and proper.

Dated this 30th day of October 2017.

Respectfully submitted,

**POSTILLION LAW GROUP, LLC**

By: /s/ Bryce C. Krampert, Esquire
Bryce C. Krampert, Esquire
Trial Counsel
Florida Bar No.:122508
Bryce@Postillionlaw.com
13400 Sutton Park Drive South
Suite 1603
Telephone: (904) 615-6621
Facsimile (888) 399-3710
*Counsel for Ms. Santerio*