UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VANIA SANTEIRO,

    Plaintiff,                              CASE NO.: 3:17-cv-1233-J-25PDB

v.

WACKO'S TOO, INC., A Florida Profit
Corporation, MILTON R. HOWARD[1], individually,
and HARVEY SHUMAN, individually

    Defendants.
_____/

## SECOND (CORRECTED) AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, VANIA SANTEIRO ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants, WACKO'S TOO, INC., A Florida Profit Corporation ("WT"), MILTON R. HOWARD ("MH"), individually, and HARVEY SHUMAN ("HS"), individually, (collectively "Defendants"), for minimum wage and overtime violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter as "FLSA"), for violations of the Americans with Disabilities Act ("ADA") at 42 U.S.C. § 12101, for violation of the Family Medical Leave Act ("FMLA"), and for violation of Florida's Worker's Compensation Retaliation Statute ("FWCRS") at Section 440.205, Florida Statutes.

## JURISDICTION AND VENUE

---

[1] The Second Amended Complaint contained a scrivener's error identifying Defendant "Milton R. Howard," as "Howard Milton." The parties agree that this scrivener's error can be modified by just filing a corrected Second Amended Complaint. If the Court disagrees with this procedure, Plaintiff will readily file all necessary motions to properly amend same.

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA/ADA/FMLA, all federal statutes, to: recover minimum wages, unpaid overtime wages, an additional equal amount as liquidated damages, back wages, front pay, compensatory damages, punitive damages, obtain declaratory and equitable relief, and reasonable attorney's fees and costs. This Court has supplemental jurisdiction over Plaintiff's FWCRS as the operative facts giving rise to this claim are the same as those giving rise to Plaintiff's ADA/FMLA claims. Plaintiff is seeking back pay, front pay, compensatory damages, and equitable and declaratory relief.

2. This Court has the authority to grant declaratory relief pursuant to the FLSA/ADA/FMLA, and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

3. Venue is proper as Plaintiff worked for Defendants in Duval County, Florida, and Defendants are residents of Duval County, Florida, and the actions giving rise to these claims arose in Duval County, Florida.

## **PARTIES**

4. At all times material hereto, Plaintiff was a resident of Duval County, Florida.

5. At all times material hereto, WT was, and continues to be, a business operating in Duval County, Florida, at which Plaintiff worked.

6. At all times hereto, MH was, and continues to be, a resident of Duval County, Florida.

7. At all times material hereto, MH operated WT.

8. At all times material hereto, MH regularly held and/or exercised the

authority to hire and fire employees of WT.

9. At all times material hereto, MH regularly held and/or exercised the authority to determine the work schedules for the employees of WT.

10. At all times material hereto, MH regularly held and/or exercised the authority to control the finances and operations of WT.

11. By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of WT; (b) determine the work schedules for the employees of WT; and (c) control the finances and operations of WT, MH is an employer as defined by the FLSA and FMLA.

12. At all times hereto, HS was, and continues to be, a resident of Duval County, Florida.

13. At all times material hereto, HS operated WT.

14. At all times material hereto, HS regularly held and/or exercised the authority to hire and fire employees of WT.

15. At all times material hereto, HS regularly held and/or exercised the authority to determine the work schedules for the employees of WT.

16. At all times material hereto, HS regularly held and/or exercised the authority to control the finances and operations of WT.

17. By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of WT; (b) determine the work schedules for the employees of WT; and (c) control the finances and operations of WT, HS is an employer as defined by the FLSA and FMLA.

18. At all times material hereto, Plaintiff was "engaged in commerce" within the

meaning of §6 and §7 of the FLSA.

19. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA and FMLA.

20. At all times material hereto, WT was, and continues to be, an "employer" within the meaning of the FLSA.

21. At all times material hereto, WT was, and continues to be, "an enterprise engaged in commerce," within the meaning of the FLSA.

22. At all times material hereto, WT was, and continue to be, an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

23. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum, or the prorated amount for same during the time Defendant(s) has been open for business, during the relevant time periods.

24. At all times relevant hereto, Defendants were primarily engaged in the operation of adult entertainment clubs providing, among other things, exotic dancing and liquor to the general public.

25. At all times relevant hereto, Defendants employed more than two employees.

26. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

27. At all times hereto, Plaintiff was engaged in the providing of services in commerce.

28. At all times material hereto, the work performed by the Plaintiff was directly

essential to the business performed by Defendant(s).

29. At all times material hereto, Defendant WT employed in excess of fifteen (15) or more employees for each working day in each of 20 or more calendar weeks, and is an employer as defined by the ADA.

30. At all times material hereto, Plaintiff worked for Defendants in excess of 1,250 hours prior to her need for medical leave on December 4, 2016, at a facility where Defendants employed fifty (50) or more employees within a seventy-five (75) mile radius of where Plaintiff worked. Defendants, accordingly, are considered covered employers as defined by the FMLA.

31. At all times material hereto, Defendant WT was an employer as defined by Florida's Workers' Compensation laws, and was obligated to maintain and provide workers' compensation insurance coverage to its employees.

## CONDITIONS PRECEDENT FOR ADA CLAIM

32. On February 26, 2017, Plaintiff filed a Charge of Discrimination with the EEOC alleging, among other things, disability discrimination in violation of the ADA.

33. On September 13, 2017, the EEOC issued Plaintiff a Right to Sue, allowing her to file suit on her ADA claims.

34. Plaintiff timely filed suit, within ninety (90) days of her receipt of the EEOC's Right to Sue, and satisfied all conditions precedent to filing her ADA claims before this Court.

## STATEMENT OF FACTS

### FLSA CLAIMS:

35. Plaintiff worked for Defendants as a Dancer/Entertainer from April 1, 2013, through January 7, 2017.

36. During her employment with Defendants, Plaintiff was not paid any wages, whatsoever from Defendants.

37. Instead, Plaintiff was required to pay Defendants to work at their club, and was subject to the direction and control of Defendants, including, but not limited to strict compliance with Defendants': (a) tipping policies; (b) attendance policies; (c) conduct policies; (d) dress code; and reporting structure to Defendants' management.

38. Plaintiff regularly worked for Defendants for between fifty (50) to sixty (60) hours per week.

39. Based on the nature and manner in which Defendants required Plaintiff to be compensated, Plaintiff worked numerous weeks where she earned well below the federally mandated minimum wage pursuant to the FLSA.

40. Indeed, during the relevant limitations period, Plaintiff worked numerous weeks during which she paid more to Defendants than she earned while working at Defendants' facility, resulting in a net wage below zero dollars for the week.

41. Defendants never paid Plaintiff overtime compensation for any hours worked over forty (40) in a workweek.

42. Plaintiff should have been paid at least minimum wage, and overtime pay at the rate of one and one-half times Plaintiff's regular rate of pay, for those hours that Plaintiff worked for Defendants.

43. Defendants violated Title 29 U.S.C. §§206-207 in that:

   a. Plaintiff worked numerous hours for which she was not compensated at the federally mandated minimum wage as the FLSA requires;

   b. Plaintiff worked in excess of forty (40) hours in one or more workweeks during her employment with Defendant for which she was not paid federally mandated overtime as the FLSA requires;

   c. Defendant(s) failed to maintain proper time records as mandated by the FLSA.

44. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory minimum wage for all hours worked, and at the rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when they knew, or should have known, such was, and is due.

45. Prior to the filing of this lawsuit, Defendants did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from minimum wage and overtime under the FLSA.

46. Prior to the filing of this lawsuit, Defendants did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from minimum wage and overtime under the FLSA.

47. Prior to the filing of this lawsuit, Defendants did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from minimum wage and overtime under the FLSA.

48. Based on the allegations in Paragraphs 44-46, above, Plaintiff is entitled to

liquidated damages as Defendants had no objective or subjective good faith belief that their pay practices were in compliance with the FLSA.

**ADA/FMLA/FWCRS CLAIMS:**

49. On December 4, 2016, Plaintiff while performing on stage for Defendants, slipped and fell as the result of liquid and ice being left on the stage floor.

50. Plaintiff suffered severe damage to her spine requiring recurring medical treatment, and rendering her work related injury as a "serious health condition" and a disability.

51. Plaintiff's injury occurred at work, and she requested assistance from Defendants in applying for workers' compensation benefits and medical coverage/leave time for her work related injuries.

52. Despite the foregoing, Defendants failed to notify Plaintiff of her FMLA rights and entitlement to legally mandated FMLA protections during necessary medical leave.

53. Defendants also failed to provide Plaintiff with any documentation or certifications to complete, to protect her medically necessary leave time away from work.

54. On January 3, 2017, Plaintiff notified Defendants of her intention to return to work.

55. Defendants advised Plaintiff that she was prohibited from returning to work, unless she had a doctor's note permitting same.

56. Plaintiff appeared for work at Defendants' facility on January 7, 2017, with a doctor's note permitting her return with limited restriction.

57. In response to Plaintiff's doctor's note, Defendants advised Plaintiff that she

was a "liability" based on her injury and related health conditions, and that Defendants would not permit Plaintiff to work unless she signed a document waiving her rights to pursue litigation against Defendants.

58. Plaintiff immediately objected to Defendants' statements and perceptions of her medical situation and condition, and refused to sign a waiver of her rights to continue her employment.

59. Defendants, in retaliation for same, immediately terminated Plaintiff's employment.

60. Defendants terminated Plaintiff's employment based on their perception that Plaintiff's medical situation and serious health condition created a liability for Defendants if they permitted Plaintiff to continue working.

61. Plaintiff was fired, in lieu of being permitted to return to work, upon completion of what should have been protected FMLA leave.

62. Defendants failed to reinstate Plaintiff to the same or substantially equivalent position upon her return from what should have been protected FMLA leave.

63. Defendants terminated Plaintiff in retaliation for suffering a work related injury, and for requesting legally mandated workers' compensation coverage for same.

64. Defendants had no objective or subjective good faith belief that their actions were in compliance with the FMLA.

65. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION**
**AS TO ALL DEFENDANTS**

66. Plaintiff re-alleges and reavers paragraphs 1 through 28, 35-48, and 65of the Complaint, as if fully set forth herein.

67. During her employment, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

68. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

69. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records mandated by the FLSA.

70. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when they knew, or should have known, such was, and is due.

71. Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

72. Defendants had no good faith objective or subjective basis for their failure to pay Plaintiff overtime wages.

73. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

74. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor

against Defendants:

    a.    Declaring, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b.    Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per work week;

    c.    Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e.    Awarding Plaintiff pre-judgment interest; and

    f.    Ordering any other further relief, the Court deems just and proper.

**COUNT II**
**VIOLATION OF 29 U.S.C. §206 MINIMUM WAGE COMPENSATION**
**AS TO ALL DEFENDANTS**

75. Plaintiff re-alleges and reavers paragraphs 1 through 28, 35-48, and 65 of the Complaint, as if fully set forth herein.

76. During her employment, Plaintiff worked numerous workweeks for which Plaintiff was not compensated at the federally mandated minimum wage rate for all hours worked.

77. Plaintiff was, and is, entitled to be paid at the federally mandated minimum wage rate for all hours worked.

78. At all times material hereto, Defendants failed, and continue to fail, to

maintain proper time records mandated by the FLSA.

79. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the federally mandated minimum wage rate for all hours worked when they knew, or should have known, such was, and is due.

80. Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

81. Defendants had no good faith objective or subjective basis for their failure to pay Plaintiff overtime wages.

82. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continues to suffer, damages and lost compensation based on Defendants' failure to pay Plaintiff minimum wage for all hours worked, plus liquidated damages.

83. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

    a. Declaring, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the minimum wage provisions of the FLSA;

    b. Awarding Plaintiff minimum wages in the amount due to her for all hours worked;

    c. Awarding Plaintiff liquidated damages in an amount equal to the minimum wage award;

d.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.  Awarding Plaintiff pre-judgment interest; and

f.  Ordering any other further relief, the Court deems just and proper.

## COUNT III
## FMLA INTERFERENCE AND RETALIATION
## AS TO ALL DEFENDANTS

84. Plaintiff re-alleges and reavers paragraphs 1 through 19, 24, 27, 30, and 49-65 of the Complaint, as if fully set forth herein.

85. At all times relevant hereto, Plaintiff was protected by the FMLA.

86. Plaintiff suffered from a serious health condition as a result of recurring treatment and need to take medical time away from work due to a serious injury to her spine.

87. At all times relevant hereto, Defendants interfered with and retaliated against Plaintiff by refusing to allow Plaintiff to exercise her FMLA rights, by failing to notify her of her FMLA rights, by failing to offer her FMLA leave, by firing her for her use of, or what should have been, FMLA protected leave, and by failing to reinstate her to the same or substantially equivalent position upon her return from what should have been FMLA protected leave.

88. At all times relevant hereto, Plaintiff was protected from interference/retaliation under the FMLA.

89. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendants acted with the intent to discriminate against Plaintiff because Plaintiff exercised her rights to take approved leave pursuant to the FMLA.

90. As a result of Defendants' intentional, willful and unlawful acts by

interfering with, and retaliating against, Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

91. As a result of Defendants' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendants for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## **COUNT IV- VIOLATION OF THE ADA**
## **AS TO DEFENDANT WT ONLY**

92. Plaintiff re-alleges and reavers paragraphs 1 through 5, 26-29, 32-34, 49-50, 54-60, and 65 of the Complaint, as if fully set forth herein.

93. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and retaliation because of her disability or "perceived disability" by Defendant.

94. Plaintiff was retaliated against, and suffered an adverse employment action as a result of her disability or "perceived disability," and her objections to Defendants' discriminatory remarks and actions toward her regarding same.

95. Given the timing and circumstances leading to Plaintiff's termination, Defendant's actions unquestionably constitute disability discrimination in violation of the ADA.

96. Plaintiff is an individual who, with minimal accommodation, was fully capable of performing the essential functions of her job.

97. Plaintiff demonstrated her disability did not prevent her in any appreciable

degree from performing the essential functions of her job.

98. Despite the availability of reasonable accommodations under the ADA, and despite the fact that Plaintiff was not, and would not be, prevented by her conditions from completing her assigned job duties, Defendant discriminated against Plaintiff based upon her ongoing disability and need for medical accommodation.

99. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA.

100. Alternatively, Defendant perceived or regarded Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with a reasonable accommodation.

101. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity, but was treated by Defendant as if it did.

102. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

103. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA.

104. Defendant does not have a non-discriminatory rationale for terminating Plaintiff's employment.

105. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimate termination/retaliation, because of her disability and/or "perceived disability," and request for accommodation regarding same.

106. Defendant intentionally discriminated and retaliated against Plaintiff based

on her objection to Defendant classifying her as a "liability" because of her medical condition, and Defendant attempting to force Plaintiff to sign a document releasing her substantive rights.

107. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

108. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

109. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADA.

110. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff prays that this Court will:

    a. Issue a declaratory judgment that the discrimination and retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADA;

    b. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination/retaliation through reinstatement, or, if that is not practical, through an award of front pay;

    c. Grant Plaintiff a judgment against Defendant for all damages, including lost wages, compensatory damages, and punitive damages;

d. Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADA.

e. Provide any additional relief that this Court deems just.

## COUNT V- VIOLATION OF WORKERS' COMPENSATION RETALIATION STATUTE SECTION 440.205, FLORIDA STATUTES
## AS TO DEFENDANT WT ONLY

111. Plaintiff re-alleges and reavers paragraphs 1 through 5, 24-28, 31, 49-51, 54-57, and 63 of the Complaint, as if fully set forth herein.

112. Plaintiff engaged in protected activity by requesting that Defendant allow her to applying for workers' compensation benefits and medical coverage/leave time for her work related injuries.

113. Plaintiff was fired within a short temporal proximity of her request for workers' compensation benefits.

114. Plaintiff was fired as a direct result of her request for workers' compensation benefits.

115. Defendant did not have a legitimate non-retaliatory reason for terminating Plaintiff.

116. Defendant's stated reason for Plaintiff's termination is a pretext.

WHEREFORE, Plaintiff demands trial by jury reemployment/reinstatement, back pay, unpaid wages, front pay if reinstatement and/or reemployment is not possible, and compensatory damages.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 19th day of March, 2018.

Respectfully Submitted,

*/s/ Richard Celler*
Richard Celler, Esq.
Florida Bar No. 0173370
Richard Celler Legal, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail:
richard@floridaovertimelawyer.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on this 19th day of March, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all Counsel of Record.

*/s/ Richard Celler*
Richard Celler, Esq.