FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2019 APR 11  PM 3: 37

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

VANIA SANTEIRO,

Plaintiff, *Pro se*,

vs.                                                    Case Number: 3:17-cv-01233-HLA-PDB

WACKO'S TOO, INC., a Florida
Profit Corporation, HOWARD MILTON,
Individually, and HARVEY SHUMAN
Individually.

Defendants.

_____/

## PRETRIAL MOTOION ON STIPULATIONS

### DISCOVERY

COMES NOW, the Plaintiff, VANIA SANTEIRO (hereinafter "Ms. Santeiro") *PRO SE*, suing the Defendant, WACKO'S TOO, Inc., d/b/a WACKO'S LIQUOR DEPOT d/b/a WACKO'S (hereinafter "Wacko's") And HOWARD MILTON, individually, and HARVEY SHUMAN, Individually

This is a case about the exploitation of one of the most vulnerable groups of employees: Women working as dancers in adult entertainment establishments. Wacko's, have and continue to unjustly and illegally enrich themselves at dancer's expense, denying Ms. Santeiro her earned minimum wages, overtime pay, and the full retention of their tips, charging Ms. Santeiro fees to work, and subjecting her to fines.

## JURISDICTION

Ms. Santeiro brings this action for unpaid wages, reimbursement of kickback fees, liquidated damages, attorney fees and costs, if any, and interest, and other relief pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, the Florida Minimum Wage Act, Fla. Stat. § 448.110, the Americans with Disabilities Act, 42 U.S.C. § 12101, Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, and the Age Discrimination in Employment Act, 29 U.S. C. § 621.

- This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.
- This Court has supplemental jurisdiction over any and all state law claims pursuant to 28 U.S.C. § 1367

## VENUE

- Venue lies in the Middle District of Florida pursuant to above-mentioned statutes because Ms. Santeiro resides and Wacko's principal place of business is in this District, and the acts or omissions alleged occurred in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b)because a substantial part of the events or **omissions giving rise to Ms. Santeiro's Claim.**

## DISCOVERY

- Wacko's employed and subsequently terminated Ms. Santeiro. The last location of that employment was at 3701 Emerson Street, Jacksonville, FL 32207.
- Ms. Santeiro slipped and fell, on the main stage, at Wacko's on 12/04/2016.

The defendants refused to hand over proof of the tape recordings, the surveillance videos, located inside the premises.

The surveillance video would have shown how Ms. Santeiro, slipped and fell.

When Ms. Santeiro was late to work on 01/03/2017. Howard Milton, and Harvey Shuman, told Ms. Santeiro, if she wanted to keep her job, she had to leave work, and go back to the doctor, to request in writing , an "Excusal note", to then go back to work, to drop off the doctor's note, to Mr. Harvey Shuman, to be able to be excused from tardiness, on that date.

On 01/04/2017, Ms. Santeiro, was handed an Illegal Agreement Contract.

The Contract/ Agreement, that was given to Ms. Santeiro, by Harvey Shuman, and was against the law. The agreement Violates the Alcohol Beverage and Tabaco Licensing Law. (ABT), If, Ms. Santeiro would have signed the agreement / contract. Ms. Santeiro would have knowingly committed a criminal offense. Harvey Shuman, and Michael Esfahani would not allow me to leave the premises with the contract. I stalled, I told Mr. Harvey Shuman, and Michael Esfahani, that I needed my reading glasses to see the words. Which that was true, however, It bought me just enough time, to call Mr. Jeffrey Griffin. I asked him to walk in, and I would pass the contract underneath the table skirt to him. And for him to walk out with it, like nothing ever happened. It was at the end o Asked a friend, if he could go with her to work, in case something bad was to have happened to her.

Mr. Jeffrey Griffin agreed to follow Ms. Santeiro to work. Mr. Jeffrey Griffin drove his own vehicle, following Ms. Santeiro, to her work, at Wacko's. Mr. Jeffrey Griffin was physically present at Wacko's, from the moment Ms. Santeiro entered the building, all the way, to the circus show, of the police arriving.  Ms. Santeiro was then terminated in front of the police. Howard Milton, and Harvey Shuman, told the manager, Mr. Michael Esfahani, to call police

on me, Once Jacksonville Sherriff's Office , JSO, arrives on the scene, Mr. Michael Esfahani told JSO, that Howard Milton and Harvey Shuman , gave him direct orders to have me arrested for trespassing, and to have me terminated in front of police. I was not arrested.

Like the police said... "You can't go to jail, for working". Howard Milton, and Harvey Shuman had Mr. Michael Esfahani tell police, that the reason for my termination , was because I was a Liability, due to my Injury at work, I was also terminated because I refused to sign an illegal agreement / contract. I asked officer Boyd," Would you sign this"? His response was ... HECK NO!

I was also Terminated, because I am a Liability due to my age, and my mental health disability. On 01/10/2017, I called the non- emergency police line. I explained to them the situation, and they dispatched officer Matthews immediately to my home.

I spoke with officer Matthews for a good 30 minutes give or take. He was so helpful and understanding. I turned the illegal agreement into officer Matthews hands.

f my shift that day. I was already dressed to go home, and I followed Mr. Jeffrey Griffin out the door, shortly after he had left.

The Contract was later turned into police, and directed to the Lt. Undercover officer, who handles these types of violations against adult entertainment establishments.

On 01/07/2017, Ms. Santeiro was petrified of going to work alone. Ms. Santeiro,

## **FACTS**

- Ms. Santeiro was diagnosed with a disability in 2004.
- Ms. Santeiro has a disability of ADD, anxiety and panic disorder.
- Ms. Santeiro began employment with Wacko's as a Dancer on April 1, 2013.

- Wacko's scheduled Ms. Santeiro to work at specific days and for specific times.
- Ms. Santeiro was required to pay a fine for tardiness or missing shifts.
- Wacko's had full control over labor provided by Ms. Santeiro.
- Wacko's required Ms. Santeiro to purchases clothing from a Wacko's owned affiliate, clothing store, in the same plaza as wacko's, that met their requirements.
- Wacko's required Ms. Santeiro to wear the approved clothing at all times during her shift.
- Wacko's required Ms. Santeiro's makeup and hair, to meet Wacko's approval.
- During employment at Wacko's, Ms. Santerio acted at the direction of the owner, Mr. Milton Howard, a/k/a Milt, a/k/a Howard Milton ("Milton") and a Partner with Milton, Mr. Harvey Shuman ("Shuman").
- On December 4, 2016, Ms. Santeiro was injured while working for Wacko's.
- Upon informing Shuman of her accident. Shuman requested a written doctor's note, to return back to work.
- On 01/04/2017, Ms. Santeiro had to provide a medical release form. Mr..Shuman entered into the dressing room , And said I cannot get finished getting undressed, and on the floor, until I provide a medical release form. Mr. Shuman directed me to have the release form faxed over to the office immediately, he then gave me the fax number to the office, And said to have the Florida Back and Neck Inst. Address the release, to ATTN. HARVEY.
- Shuman then informed me that I was a "liability" and could only return to work upon signing a waiver of liability.
- Shuman did not permit Ms. Santeiro time to consult an attorney on the agreement or retain a copy of the agreement. Ms. Santeiro had to act quickly, to be able to leave the premises with the contract.

- The agreement expressly stated THIS AGREEMENT INCLUDING THE ATTACHED TERMS AND CONDITIONS IN ITS ENTIRETY, THAT LICENSEE HAS BEEN GIVEN AN OPPORTUNITY TO ASK LICENSOR QUESTIONS ABOUT IT, AND THAT LICENSEE HAS HAD AN OPPORTUNITY TO CONSULT WITH ATTORNEY OF HER CHOICE PRIOR TO ENTERING INTO THIS AGREEMENT.
- On January 7, 2017, Milton informed Ms. Santeiro that she was being terminated because she (1) "[is] a liability for the company because of [her] disability," and (2) for failure to sign the release of liability.
- Ms. Santeiro suffers a disability which is covered under the Americans with Disabilities Act. (ADA).
- From April 1, 2013 to January 7, 2017 Ms. Santeiro worked more than 40 hours a week.
- During the course of her employment with Wacko's, Ms. Santeiro was not compensated any money whatsoever by Wacko's.
- Ms. Santeiro was required to pay Wacko's approximately $80.00 to $120.00 per shift.
- The breakdown is as follows: (1) $20 directly to Wacko's, (2) $10 to $20 to the DJ, (3) $10 to $20 to the bouncer, payments to a House Mom, etc.
- Wacko's charged additional fees for "private dances" and "campaign rooms," as well as other fees.
- The payments Wacko's mandated Ms. Santeiro to pay were to employees that did not provide customer service.
- Wacko's used these mandatory payments to offset ordinary business expenses.
- Ms. Santeiro was forced to pay the aforementioned fees of the amount of money she earned on a given shift as a condition for employment.

- Ms. Santeiro must pay all fees and complete her shift before she is permitted to leave Wacko's.
- These payments are illegal "kickbacks" within the meaning of the FLSA.
- Ms. Santeiro did not receive regular breaks during her shifts.
- Wacko's required Ms. Santeiro to pay for Wacko's bottled water and all other refreshments, and food.
- Ms. Santeiro has not agreed to be treated as an independent contractor and has been treated as an employee in all respects except for compensation.
- Ms. Santeiro has an implied contract for employment.
- Milton agreed to hire Ms. Santeiro and she accepted.
- Ms. Santeiro maintained the ability to earn a living.
- The employment relationship tenure shows a mutuality of intent.
- At the direction of Wacko's, Ms. Santeiro has been directed to perform acts of a sexual nature in private dance rooms.
- Wacko's related to Ms. Santeiro in a manner of sexual suggestion and pressure.
- Ms. Santeiro was filmed against her consent at Wacko's.
- Ms. Santeiro requested to be put on light duty as a reasonable accommodation.
- Wacko's categorically denied to Ms. Santeiro any accommodation.
- Ms. Santeiro is over 40 years of age.
- Ms. Santeiro was forced to divulge her age on her time sheet each shift as a condition of employment.
- Wacko's used Ms. Santeiro's age to make decisions which detrimentally affected her compensation and privileges throughout her employment.

- The actions of Wacko's lead to severe emotional distress for Ms. Santeiro.

- Wacko's was aware of the consequences their actions had on Ms. Santeiro.

- Wacko's retaliated against Ms. Santeiro by terminating her due to her Disability,

- And Ms. Santeiro , refused to sign an illegal contract.

- Wacko's performed the above actions directly through Milton, Shuman, or through Wacko's employees with managerial authority, including the ability to hire or fire emoloyees.

- Ms. Santeiro has obtained past council, for this case. Ms. Santeiro, ,cannot keep an attorney, once The defense council's attorney, Gary Edinger, speaks to the plantiff's new

- Attorney possibility. Past present and recent attorneys that Ms. Santeiro speaks too, they become excited, motivated to take my case, until they exchange communications with Mr. Edinger.

- **VIOLATION of the FAIR LABOR STANDARD ACT. (FLSA)**

- ESTABLISHES, Minimum wage, overtime pay, and record-keeping..

- The Wage and Hour Division. (WHD) Of the U.S. Department of Labor (DOL) administers and enforces the (FLSA) with respect to private employment.

- Wacko's actions in denying Ms. Santeiro a minimum wage, overtime pay, and the full retention of her earned tips, and requiring her to pay various fees and fines in order to work, have significantly decreased the incomes of Ms. Santeiro.

- council, and or potential new client. Gar Edinger, urges the attorney, to NOT take Ms. Santeiro's case. Mr. Edinger convinces lawyers via email with false statements and inadequate information.  To scare away any attorney interested in her case.

### COUNT I- FAIR LABOR STANDARDS ACT MINIMUM WAGE VIOLATIONS

- At all relevant times, Wacko's has had gross revenues in excess of $500,000.

- At all relevant times, Wacko's has been and continues to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

- At all relevant times, Wacko's employed or previously employed Ms. Santerio.

- Pursuant to Wacko's compensation policies, rather than pay Ms. Santerio the federally-mandated minimum wage, Wacko's improperly classified Ms. Santerio as an independent contractor.

- As a result of Wacko's willful practices, Wacko's was not entitled to pay Ms. Santerio less than the mandated minimum wage for all hours worked.

- Wacko's has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201 et seq.

- The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

- Due to Wacko's FLSA violations, Ms. Santerio is entitled to recover from Wacko's, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### COUNT II- FAIR LABOR STANDARDS ACT OVERTIME WAGE VIOLATIONS

- Due to Wacko's FLSA violations, Ms. Santeiro is entitled to recover from Wacko's

Wacko's refusal to pay Ms. Santeiro wages for hours worked, including overtime pay, requiring Ms. Santeiro to share her tips, and charging Ms. Santeiro fees to work at Wacko's.

## FLMA RETALIATION

1. Wacko's, and all of there staff members, owner, management. Attorney Mr. Edinger, Etc.

2. Retaliated in reference to my accident, at Wacko's, that they were all very aware of the protocol. Medical procedures, doctor notes, and faxed directly to them, Wacko's, a medical release form, with stipulations, and conditions.

3. Under the Statue 29 CFR § 825.220

4. FACT SHEET # 77B: Protection for Individuals under the FLMA

## **COUNT IV- AMERICANS WITH DISABILITIES ACT, AND ADA HARASSMENT AND VIOLATIONS**

- Wacko's created a hostile work environment and harassed Ms. Santeiro.

- Wacko's harassed Ms. Santeiro because she was disabled.

- Wacko's took no steps to stop the harassment of Ms. Santeiro.

- Wacko's supervisors, as an employee empowered by the employer to take tangible employment actions against Ms. Santeiro, is strictly liable for the tangible employment action.

- Wacko's treatment of Ms. Santeiro was severe or pervasive enough to change the conditions of employment and create an abusive environment, judged by both an objective standard and a subjective standard..

- Ms. Santeiro was damaged but for the Defendants disability harassment.

- Ms. Santeiro has a disability as defined by the ADA.

- Ms. Santeiro was penalized at Wacko's through location and time of her shift on stage.

- Ms. Santeiro was damaged because of Wacko's knowledge and use of her age.
- Ms. Santeiro is protected under the,
- ## ADA VIOLATIONS

Wacko's corporation, its owners, management team, and complete staff, were aware of Ms. Santeiro's Mental disabilities from the date of hire, 04/01/2013, until she was terminated on 01/07/2017, due to her mental disability. And then Ms. Santeiro became a Physical Liability, after her slip and fall accident. Putting her age into effect, It was so much more easier, for wacko's to "Get Rid Of the Problem", aka Terminate her, vs. allow her to receive the help, that she deserves, and is entitled too. Ms. Santeiro filed a work. Comp. claim. Wacko's denied the claim. Then when an attorney she had previously, for the accident case, turned around and asked Mr. Edinger, " If Ms. Santeiro , is" not" an employee of your establishment ", then can you provide me the GL, Commercial General Liability Insurance company , and BOP, business Owners name, and policy information?". Mr. Edinger then said.." We do not carry any types of insurance". A TOTAL NIGHTMARE. I was able to obtain on my own, the Work. Comp. Name and policy Information,. from the date of the accident at wacko's on , 12/04/2016. I filed a claim, under their work. Comp. To then have wacko;s, deny the claim. .Since they denied ever having the GL Commercial liability .Refused to comply , that information is unfortunately NOT public record.. Ms. Santeiro , now suffers from mental health disabilities , and Physical disabilities, that require major surgery. Triple Cervical Fusions, amongst a list of Neuro Surgeries.....

The law states, that Duval County City Ordinance Law, for ALL alcoholic establishments. Bar's night clubs, dance clubs, etc. MUST carry GL Commercial Liability Insurance. In Duval County. Florida. After speaking to the Sargent and Lt. whom are in charge of regulating , violating, and revoking , Alcohol Business Licenses , (ABT) for failure to comply , with the law.

The Sgt. And Lt. told me, YES, wacko's has an active insurance policy for CGL Insurance , and a BOP, but they could not tell me , they said "Wacko's" should tell me.

This is a very SAD story, with no hopes of ever being able to have the surgery , through their insurance company, vs. Going through my Medicare, which is an 80/20 policy, that requires me to pay the 20% out of pocket, on a 1 million dollar surgery, I can't afford the 20%, Or , I would have had the surgery already. I am in desperate need of some physical relief at this time.

As time goes by, I get worse. The pain levels are becoming, unbearable. I am in debt with medical bills, due to my accident at wacko's. and not ever being able to catch up on those medical bills, one is already in collections. This TRAUMATIC EXPERIENCE, I am physically going through, Has caused me even more MENTAL HEALTH ISSUES,

Wacko's has violated everyone of my ADA Rights in the workplace, and continues to violate the law that protects me, under the Federal Civil Rights Laws.

### COUNT VIII- AGE DISCRIMINATION WITH HOSTILE WORK ENVIRNMENT

- Wacko's created a hostile work environment and harassed Ms. Santeiro.
- Wacko's harassed Ms. Santeiro because she was over 40.
- Wacko's took no steps to stop the harassment of Ms. Santeiro.
- Wacko's supervisors, as an employee empowered by the employer to take tangible employment actions against the Ms. Santeiro, is strictly liable for the tangible employment action.
- Wacko's treatment of Ms. Santeiro was severe or pervasive enough to change the conditions of employment and create an abusive environment, judged by both an objective standard and a subjective standard.

- Managerial employees used their authority as supervisors to retaliate against Ms. Santeiro.

  1. **COUNT XIII- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**.

- Wacko's intentionally caused Ms. Santeiro emotional distress because Wacko's knew the reaction the disparaging treatment had on Ms. Santeiro.

- The emotional distress was severe enough that Ms. Santeiro missed work and eventually was terminated because Wacko's failed to make any reasonable accommodation.

- Ms. Santeiro suffered severe emotional distress as a result of the Wacko's conduct.

- Mr. Edinger currently continues to emotionally destroy my Defamation of character , when it comes to every attorney that I, the Plaintiff speaks to, in reference my case.

**LIST OF WITNESSES**

1. Jeffrey Griffin

2. Angus (Danny) McPhaul

3. Sidney Schiff

4.Samir Shihata

5. Seath Bear

6. Allen Radin

7. Officer Boyd

8. Officer Matthews

9. Lt. Eugene Baker

- Ms. Santeiro took advantage of all preventative or corrective opportunities as provided by the Wacko's and did everything possible to avoid the harm.
- Ms. Santeiro was damaged as a result of Wacko's employment harassment.
- Ms. Santeiro being is a female employee of Wacko's and as with other female employees, Wacko's treated Ms. Santeiro different than male employees.
- Wacko's used Ms. Santeiro's gender to require Ms. Santeiro to engage in private dances, to be able to pay wacko's owners / management fees.
- Ms. Santeiro was penalized at Wacko's with threat of termination for failure to comply.
- Ms. Santeiro was terminated from Wacko's.
- Wacko's openly and repeatedly demonstrated nepotism against Ms. Santeiro.
- The harassment was unwelcome.
- The harassment occurred because Ms. Santeiro is in a protected class.

### **RETALIATION**

- Ms. Santeiro engaged in protected activity of reporting harassment.
- Ms. Santeiro engaged in protected activity by requesting a reasonable accommodation.
- Wacko's subsequently took a materially adverse employment action against Ms. Santeiro.
- Materially adverse employment action includes a significant change in unfavorable compensation decisions and termination.
- The adverse action taken by Wacko's was causally connected to Ms. Santeiro's protected activity through indirect evidence and circumstantial evidence.
- Ms. Santeiro has exhausted administrative remedies.

I, Vania Santeiro, Pray, for the court to Bless this Motion.

And I Pray for an Amicable Resolution,

Dated this 11th Day of April, 2019

Respectfully submitted,

Plaintiff: Vania Santeiro,

6701 ST Augustine Rd.

Jacksonville, FL 32217

904-759-3608

vania81@ymail.com

*Pro se*